# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

October 1, 2013

### LETTER OPINION & ORDER

RE:  **Rivera v. Zweigle, et al.**
     **Civil Action No. 13-3024 (KM)**

Dear Litigants:

Presently before the Court is Plaintiff, Walther Rivera's ("Plaintiff") September 27, 2013 application for pro bono counsel under 28 U.S.C. § 1915(e)(1). See Appl. for Pro Bono Counsel, ECF No. 7. For the reasons set forth below, Plaintiff's request is denied.

### Background

Plaintiff is currently an inmate at the Warren County Corrections Center in Belvidere, New Jersey. On May 6, 2013, Plaintiff filed a Complaint against Sergeant C. Zweigle, Lieutenant P. Zabita, and the Byram Township Police Department. The Complaint alleges that pursuant to 42 U.S.C. § 1983, Plaintiff's constitutional rights were violated when Sergeant Zweigle "illegally arrested and detained [him] and [Zweigle] had no jurisdiction over [him, which] violated [his rights under the] 4th, 5th, 13th, and 14th Amendments." See Complaint, ECF No. 1 ¶ 4b. Plaintiff also alleged that Lieutenant Zabita " was throwing a lot of slander at [him, such as saying that Plaintiff was] going to get deported . . ." See Complaint, ECF No. 1 ¶ 5a. Plaintiff seeks monetary damages in the amount of $6,000,000, as well as court costs and attorney's fees. On September 16, 2013, Plaintiff requested a preliminary hearing. See Letter, ECF No. 6.

On September 27, 2013, Plaintiff filed this application for the appointment of pro bono counsel. See Application for Pro Bono Counsel by Walther Rivera, ECF No. 7. In his application, Plaintiff argues that he is entitled to counsel because: (a) his imprisonment will greatly limit his ability to litigate; (b) the issues involved in this case are complex, and will require significant research and investigation which plaintiff cannot handle because he has

1

limited access to the law library and limited knowledge of the law; (c) he is indigent; and (d) a trial in this case will likely involve conflicting testimony and counsel can help Plaintiff present evidence and cross examine witnesses.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron, 6 F.3d at 155–57. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155). If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but it provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157–58. Also, the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458). The Court assumes that Plaintiff's claim has merit for purposes of this application, and now the court must apply the Tabron factors to the case.

First, the Court must consider whether or not Plaintiff has the ability to present his own case. Montgomery, 294 F.3d at 499. When considering a plaintiff's ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement. Id. Here Plaintiff has not demonstrated that he will be unable to present his case. While Plaintiff is incarcerated, his cogent submissions indicate that he can request relief and express a basis for that relief. Plaintiff's active

2

participation in the case also demonstrates he is able to stay abreast of the matter's progress and participate in the proceedings. For example, Plaintiff has filed letters with the Court requesting a status update and a preliminary hearing (some of which were drafted using a computer) suggesting some litigation comfort and technology familiarity. See Letter, ECF No. 4; Letter, ECF No. 6. Plaintiff has access to legal materials, and, as is apparent from Plaintiff's Complaint, he has the intellectual capability to identify legal issues. Accordingly, this factor does not favor appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502–03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because Plaintiff's factual claims are easy to understand, and the legal issues are not particularly complex. Plaintiff has brought suit under 42 U.S.C. § 1983 alleging that one defendant violated Plaintiff's constitutional rights when that defendant illegally arrested and detained Plaintiff, while the other defendant made slanderous remarks towards the Plaintiff. See Complaint, ECF No. 1. In Tabron, the plaintiff brought a claim against prison officials pursuant to Section 1983; the court held that "the legal issues in this case do not appear to be complex, and the applicable law is clear." Tabron, 6 F.3d at 158. Similarly, here, Plaintiff's claim does not present complex legal issues to warrant appointment of pro bono counsel at this time.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Under this factor, "the court may also consider the extent to which prisoners. . . may face problems in pursuing their claims." Tabron, 6 F.3d at 156. A court may also decide to appoint counsel "where the claims are likely to require extensive discovery and compliance with complex discovery rules." Id. In this case, Plaintiff claims that he needs counsel appointed, in part, to assist him in "research and investigation" and to present evidence and cross examine witnesses. See Appl. for Pro Bono Counsel, ECF No. 7. Based upon Plaintiff's Complaint, it does not appear this case involves a cumbersome set of facts that requires an attorney to investigate or present. Further, Plaintiff does not mention any particular discovery problem he expects to confront. Moreover, he will be able to use all the discovery tools made available to him in the Federal Rules of Civil Procedure to investigate his claims and any defenses. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460.

3

Here, Plaintiff claims that his constitutional rights were violated because he was illegally arrested and detained, and that the second defendant made slanderous remarks. See Complaint, ECF No. 1. Because of the nature of Plaintiff's allegations, the case will likely involve credibility determinations, but it is unclear at this time whether this matter will become such a "swearing contest." Thus, this factor does not presently support appointing counsel.

Fifth, Plaintiff does not claim this case will require expert testimony. See, e.g., Shepherd, 2009 WL 2488184, at *1 (denying application in a malicious prosecution case when plaintiff failed to show expert testimony was necessary). Thus, the fifth Tabron factor does not favor appointment.

Sixth, the Court must consider Plaintiff's capacity to retain counsel on his own behalf. Here, the Court denied Plaintiff's application to proceed in forma pauperis, and upon said denial, Plaintiff remitted payment to the court clerk in the amount of $400 for filing fees. Because Plaintiff has made no showing that he cannot retain counsel, this factor does not favor appointing counsel. See Clinton v. Jersey City Police Dep't, Civ. No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) (noting that even when a party is indigent, "indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's application for the appointment of pro bono counsel [ECF No. 7] is denied.

**So Ordered**,

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE