UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WALTHER M. RIVERA,

  Plaintiff,

v.

SGT. C. ZWIEGLE, et al.,

  Defendants.

Civ. No. 13-3024 (KM) (MAH)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Walther M. Rivera, is a pretrial detainee at the Warren County Correctional Facility in Belvidere, New Jersey. He filed an original complaint, followed by one or more letters in which he expressed an intention to supplement his claims. On January 24, 2014, I ordered him to submit an all-inclusive amended complaint, containing all of his claims. (ECF 11) Mr. Rivera has done so, and is now proceeding *pro se* with an amended civil rights complaint asserting claims under 42 U.S.C. § 1983 and state law. (ECF 13) In the interim, defendants Byram Township Police Department and P. Zabita filed a motion to dismiss the complaint for failure to state a claim. Defendant C. Zweigle filed an answer, and thereafter a motion for judgment on the pleadings. (ECF 16, 18, 19, 24)

The Court will first screen the amended complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is

immune from suit.[1] For the reasons set forth below, the amended complaint will be permitted to proceed, but only in part, and only against defendant Zweigle.

## II. BACKGROUND

The allegations of the amended complaint will be construed as true for purposes of this screening. Mr. Rivera names as defendants (1) Sergeant Charles Zweigle – Police Officer Stanhope Police Department; (2) Lieutenant P. Zabita – Police Officer Byram Township Police Department; and (3) the Byram Township Police Department.

The amended complaint alleges that Mr. Rivera was driving on Route 80 on January 26, 2012, at approximately 11:30 p.m., when he was pulled over by Sgt. Zwiegle, a police officer. Zwiegle allegedly told Rivera that he was pulled over because Zwiegle was looking for three black males in a black vehicle and had seen Mr. Rivera talking to someone in his vehicle. Mr. Rivera alleges that he is a light skinned Hispanic and that his vehicle is light blue.

The amended complaint asserts several theories of liability: racial profiling, illegal search and seizure, false imprisonment, and defamation. It seeks compensatory and punitive damages.

## III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must perform an initial screening of complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). Section 1915A(b) directs district courts to dismiss *sua sponte* any claim that is frivolous, is

---

[1] That defendants have filed answers or dispositive motions in response to the complaint does not preclude this Court from screening the complaint pursuant to 28 U.S.C. § 1915A. *See Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003) (per curiam) (rejecting federal prisoner's argument that district court erred in using § 1915A to dismiss some of his claims after the defendants had already answered); *Loving v. Lea*, No. 13-158, 2013 WL 3293655, at *1 (M.D. La. June 28, 2013) ("A § 1915A dismissal may be made at any time, before or after service of process and before or after an answer is filed.") (citations omitted).

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b).

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *See Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Under *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

### A. Defendant P. Zabita

The amended complaint's only factual allegation against defendant Zabita is that he "made racial jokes and comments about [plaintiff's] race as well as threats of deportation." (Dkt. No. 13 at p. 4.) Those allegations are insufficient to state a Section 1983 claim. "[A]llegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983." *Brown v. Hamilton Twp. Police Dep't Mercer Cnty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (per curiam; not precedential) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)); *see also Mugavero v. Town of Kearny*, No. 12-2439, 2013 WL 3930120, at *3 (D.N.J. July 30, 2013) ("[R]acially discriminatory statements, racial slurs, and racial epithets, on their own, fail to establish liability under section 1983.") (citations omitted).

Accordingly, Mr. Rivera's federal claims against Zabita will be dismissed for failure to state a claim upon which relief may be granted.

To the extent that Mr. Rivera may intend to assert state law claims, I will dismiss them for lack of subject matter jurisdiction. The parties are not alleged to be of diverse citizenship. *See* 28 U.S.C. § 1332. An exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is inappropriate because there are no federal-law claims against Zabita sufficient to withstand the

initial screening of the complaint. *See* 28 U.S.C. § 1367(c)(3); *T.R. v. County of Delaware*, No. 13-2931, 2013 WL 6210477, at *8 (E.D. Pa. Nov. 26, 2013) (declining supplemental jurisdiction over state law claims over one defendant where there are no viable claims against that defendant, despite the fact that plaintiff may have pled plausible claims against another defendant) (citation omitted); *see also Nadal v. Christie*, No. 13-5447, 2014 WL 2812164, at *8 (D.N.J. June 23, 2014).

All claims against defendant Zabita are dismissed pursuant to 28 U.S.C. § 1915A.

B. <u>Byram Township Police Department</u>

Mr. Rivera has named the Byram Township Police Department as a defendant in the caption of his amended complaint. The theory of liability is not clear Even liberally construing this *pro se* amended complaint, however, I cannot find a viable federal claim.

First, the Byram Township Police Department is not a "person" subject to liability under § 1983. A New Jersey police department is not an independent entity with the capacity to sue and be sued, but only "an executive and enforcement function of municipal government." N.J.S.A. 40A:14–118). The case law under Section 1983 uniformly holds that the proper defendant is therefore the municipality itself, not the police department. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) (per curiam; not precedential) ("We further agree with the District Court that the police department was not a proper party to this action. Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part.") (citation omitted). *See also Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as

a single entity for purposes of section 1983 liability"); *Michaels v. State of New Jersey*, 955 F. Supp. 315, 329 n.1 (D.N.J. 1996).

Second, even if the amended complaint had properly named the municipality as a defendant, it would not state a claim. A municipality cannot be held vicariously liable for the acts of its officers via *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). And this amended complaint fails to make any allegations of an unconstitutional policy or custom that would create municipal liability under *Monell v. Dep't of Social Servs. New York City*, 436 U.S. 658 (1978). *See Hildebrand v. Allegheny County*, 757 F.3d 99, 110–11 (3d Cir. 2014) (complaint must plead facts to support *Monell* liability); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (stating to satisfy pleading standard for *Monell* claim, complaint "must identify a custom or policy, and specify what exactly that custom or policy was"); *Karmo v. Borough of Darby*, No. 14-2797, 2014 WL 4763831, at *6 (E.D. Pa. Sept. 25, 2014) (same).

To the extent that the amended complaint may be attempting to raise state law claims against the Byram Township Police Department, I lack jurisdiction to hear them, for the same reasons stated above as to defendant Zabita. *See* pp. 4-5, *supra*.

All claims against defendant Byram Township Police Department are dismissed pursuant to 28 U.S.C. § 1915A.

C. <u>Defendant C. Zweigle: Section 1915A Screening</u>

The amended complaint contains the most factual detail as to defendant C. Zweigle, the officer who allegedly stopped Rivera's car. *See* p.2, *supra*. Based on Sgt. Zweigle's alleged actions on January 26, 2012, the amended complaint asserts the following claims: (1) racial

profiling; (2) illegal stop and search; (3) false imprisonment; and (4) defamation. I therefore screen them for viability under 28 U.S.C. § 1915A.

    *1.    Racial Profiling*

Plaintiff generally asserts that he was the victim of racial profiling when Sgt. Zweigle stopped his vehicle on January 26, 2012. Such an allegation is best viewed as an equal protection claim under the Fourteenth Amendment.

> To make a Fourteenth Amendment equal protection claim based upon selective enforcement or racial profiling, a plaintiff must show that law enforcement actions: "(1) had a discriminatory effect and (2) were motived by a discriminatory purpose. *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002). To prove discriminatory effect, a plaintiff must "show that he is a member of a protected class and that he was treated differently from similarly situated individuals in an unprotected class." *Id.* at 206. That effect "may be proven by naming similarly situated members of an unprotected class who were not selected for the same [treatment] or, in some cases, by submitting statistical evidence of bias." *Id.*; *see also Alvin v. Calabrese*, 455 F. App'x 171, 177 (3d Cir. 2011); *Suber v. Guinta*, 927 F. Supp. 2d 184, 2013 WL 754694, at *13 (E.D. Pa. Feb. 28, 2013).

*Brockington v. Spano*, No. 11-6429, 2013 WL 1811903, at *5 (D.N.J. Apr. 29, 2013); *see also Carrasca v. Pomeroy*, 313 F.3d 828, 834 (3d Cir. 2002) ("To prevail on an equal protection claim in the racial profiling context, Plaintiffs would have to show that the challenge law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose ... To prove discriminatory effect, Plaintiffs must show that they are members of a protected class and 'similarly situated' persons in an unprotected class were not prosecuted") (internal citation omitted).

The amended complaint mentions race in two connections. It alleges that Mr. Rivera is Hispanic, and that Sgt. Zweigle stated that he was seeking three individuals based on a physical description of them as "black." The complaint fails to allege, however, that Rivera was treated

differently from similarly situated individuals of another race. Indeed, the allegations of the amended complaint are narrowly confined to this particular incident. Such allegations do not suffice to state a racial profiling claim. *See Mitchell v. Twp. of Pemberton*, No. 09-810, 2010 WL 2540466, at *6 (D.N.J. June 17, 2010) ("The Supreme Court's and, accordingly, the Third Circuit's recent clarification of the standard for reviewing a complaint to determine whether a valid claim has been advanced instructs that a plaintiff, such as Plaintiff in this case, cannot merely claim that a racial profiling policy or custom caused a constitutional violation, without a single fact, aside from Plaintiff's particular incident, to support such a claim.").

The racial profiling claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

   2.   *Illegal Stop and Search*

The amended complaint asserts that the stop and search of Mr. Rivera and his automobile were illegal.[2] The Court will analyze this Fourth Amendment claim under the reasonable suspicion standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). *See United States v. Jones*, 506 F. App'x 128, 131 (3d Cir. 2012) ("Although a traffic stop is a "seizure" within the meaning of the Fourth Amendment, it has historically been reviewed under the reasonable suspicion framework first articulated in *Terry*[.]") (citations omitted).

Under that reasonable suspicion framework, a law enforcement officer may temporarily detain and investigate a person if the officer possesses "reasonable, articulable suspicion that

---

[2] The amended complaint does not allege that Mr. Rivera was arrested, illegally or otherwise. Although the original complaint referred to an arrest, "the amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotation marks and citations omitted). Even a judicial admission may be withdrawn by amendment. *See id.* (citing *Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir. 1956); *InterGen N.V. v. Grina*, 344 F.3d 134, 144-45 (1st Cir. 2003); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002); *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996); *Hibernia v. Nat'l Bank v. Carner*, 997 F.2d 94, 101 (5th Cir. 1993)).

criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30); *see also Jones*, 506 F. App'x at 131 ("Less demanding than probable cause, reasonable suspicion requires that an officer have an articulable basis for believing that the stoppee has engaged in criminal activity.") (citing *United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006)). "When making reasonable suspicion determinations, reviewing courts 'must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing.'" *United States v. Brown*, 765 F.3d 278, 290 (3d Cir. 2014) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981))).

I am limited to the factual allegations of the amended complaint in determining whether Mr. Rivera has properly alleged a claim that Zweigle lacked reasonable suspicion to pull him over. The amended complaint states that Zweigle told Rivera that he was looking for three black men in a black vehicle. It further alleges that Mr. Rivera is a light-skinned Hispanic and was driving a light blue car. For current purposes, I must assume the truth of those allegations. On that assumption, Mr. Rivera has stated a claim that Zweigle lacked reasonable suspicion to stop his vehicle.

### 3. False Imprisonment

The amended complaint alleges that Mr. Rivera was falsely imprisoned. I take this claim to be directed at Rivera's detention in connection with the automobile stop. Whether under Section 1983 or state law, the tort of false imprisonment requires (1) "an arrest or detention of the person against his or her will" and (2) "lack of proper legal authority or legal justification." *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 969 A.2d 1097, 1117 (2009) (citation and quotations omitted); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)

(Section 1983 false imprisonment tort). In this case, the Court has already concluded that Mr. Rivera has stated a Fourth Amendment claim that he was detained without the required reasonable suspicion. I therefore will not dismiss the false imprisonment claim at this early pleading stage.

Mr. Rivera's false imprisonment claim may proceed against defendant Zweigle.

### 4.  *Defamation*

Finally, the amended complaint asserts that defendant Zweigle is liable under a defamation theory. To state a claim for defamation under New Jersey law, a plaintiff must show "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *DeAngelis v. Hill*, 180 N.J. 1, 12, 847 A.2d 1261 (2004). *See also See Ciemniecki v. Parker McCay P.A.*, 2010 WL 2326209, at *5 (D.N.J. June 7, 2010).[3]

The amended complaint contains no specific factual allegations relevant to a defamation claim. It does not allege that Zweigle uttered any particular false and defamatory statement about Mr. Rivera. It does not allege that such a statement was published to a third party. In short, even

---

[3]  For all practical purposes, there is no analogous federal claim of defamation under Section 1983. In *Paul v. Davis*, 424 U.S. 693, 710-12 (1976), the Supreme Court held that because there is no constitutional right to an unblemished reputation, simple defamation by a state official, by itself, does not amount to the deprivation of liberty or property required to state a claim under the Fourteenth Amendment and § 1983. Something more is needed to raise a claim for defamation up to the level of a constitutional violation; for example, the defamation must occur in the course of termination of employment. *Id.* at 710. Accordingly, the Third Circuit and other courts in this district have rejected claims for simple defamation under § 1983. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1468 (3d Cir. 1992) ("There is no federal constitutional right to reputation, and violations of state law, including defamation, are insufficient to state a claim under § 1983.") (internal citations omitted); *McKinney v. Passaic Cnty. Prosecutor's Office*, 2009 WL 113790, at *7 (D.N.J. Jan. 16, 2009) ("Claims of slander and defamation are not cognizable under § 1983. Tort claims, such as defamation of character and slander, are not properly included in a civil rights action under 42 U.S.C. § 1983"). To the extent that Mr. Rivera may have intended to assert a federal defamation claim, the amended complaint lacks the necessary allegations to bring it within any arguably applicable exception.

liberally construed, the amended complaint fails to state a claim of defamation upon which relief may be granted.[4]

The defamation claim will therefore be dismissed as against defendant Zweigle pursuant to 28 U.S.C. § 1915A.

D. <u>Defendant C. Zwiegle: Motion For Judgment On the Pleadings</u>

Two causes of action—the illegal stop and false imprisonment—have survived the initial screening, as to defendant Zweigle only. As to those two surviving claims, I consider two other grounds raised in Sgt. Zweigle's motion for judgment on the pleadings.

*1. Qualified immunity*

Sgt. Zweigle asserts qualified immunity. "'The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ray v. Twp. of Warren*, 626 F.3d 170, 173 (3d Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815 (2009)). "[I]f a reasonable officer is not on notice that his or her conduct under the circumstances is clearly unlawful, then application of qualified immunity is appropriate." *Id.* "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* at 173-74 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In deciding whether a governmental official is entitled to qualified immunity, a court examines: (1) whether the facts alleged make out a violation of a constitutional right; and (2) if so, whether the right at issue was "clearly established" at the time of the defendant's alleged

---

[4] Because the defamation claim does not survive screening, I do not reach Zweigle's contention in his motion for judgment on the pleadings that the defamation claim was filed outside of the one-year statute of limitations. The only facts alleged with respect to Zweigle occurred on January 26, 2012; the original complaint was filed on April 24, 2013, at the earliest.

misconduct. *See Pearson*, 555 U.S. at 232. Courts are permitted to address either prong of the analysis first in light of the circumstances at hand. *See id.* at 236. The defendant bears the burden to prove qualified immunity. *See Thomas v. Independence Twp.*, 463 F.3d 285, 292 (3d Cir. 2006) (citation omitted). Additionally, "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorse*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009).

I have already determined that the allegations state a claim that Sgt. Zweigle lacked the necessary reasonable suspicion to stop and detain Mr. Rivera's car. As of January 2012, it was very clearly established that a police officer must have an articulable and reasonable suspicion in order to conduct an investigatory *Terry* stop. *See Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 71-72 (D.N.J. 2012) (citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979)). Both the illegal stop and the false imprisonment theories depend on the lack of reasonable suspicion, a well-established standard.

Zwiegle has therefore failed to demonstrate at this early pleading stage that he is entitled to qualified immunity.

    2.    *Pre-suit notice under the NJ Tort Claims Act*

Zweigle argues that the amended complaint should be dismissed because Mr. Rivera failed to file a notice of tort claim, pursuant to the New Jersey Tort Claims Act, N.J. STAT. ANN. § 59:8-8.

As to Section 1983 claims, such a notice is not required. *See Harris v. Latamore*, No. 07-5299, 2008 WL 2937185, at *1 (D.N.J. July 29, 2008) (citing *Felder v. Casey*, 487 U.S. 131, 134 (1988); *Pennsylvania Med. Soc'y v. Marconis*, 942 F.2d 842, 848 (3d Cir. 1991)); *see also*

*Goodwin v. New Jersey*, No. 12-1040, 2014 WL 1225335, at *5 n.9 (D.N.J. Mar. 25, 2014) (citations omitted).

As to state law claims against a public employee, a plaintiff must file a notice of tort claim within ninety days. *See* N.J. STAT. ANN. § 59:8-8. Failure to file the notice bars a subsequent suit.

To demonstrate the lack of such a notice, defendant Zweigle has introduced affidavits containing facts extrinsic to the pleadings. Particularly in light of the plaintiff's *pro se* status, I will not grant judgment on the pleadings on this basis. This contention may of course be renewed at the summary judgment stage.

       3.    *Punitive damages*

Zweigle next asserts that, under 42 U.S.C. § 1983, Mr. Rivera cannot obtain punitive damages from him in his official capacity. To that limited extent, he is correct; individual defendants sued in their official capacity are immune from punitive damages for claims arising under Section 1983. *See K.A. ex rel. J.A. v. Abington Heights Sch. Dist.*, - F. Supp. 2d -, No. 12-2486, 2014 WL 2930496, at *19 (M.D. Pa. June 27, 2014) (citing *Brandon v. Holt*, 469 U.S. 464 (1985)). The claim for punitive damages is not dismissed, however, as against Zweigle in his individual capacity.

    E.    <u>Request for the Appointment of Counsel</u>

Mr. Rivera requests the appointment of counsel. (*See* Dkt. No. 25.) Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the

plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

The amended complaint has now been screened, but it is still impossible to say that the *Tabron* factors have been established at this early stage. *See Miller v. New Jersey Dep't of Corr.*, No. 08-3335, 2009 WL 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000). The amended complaint is short and fairly simple, and the claims that remain after screening are even more so. Accordingly, the request for the appointment of counsel is denied, albeit without prejudice to a reapplication depending on the development of the claims and the facts in the pretrial discovery process.

## V.  CONCLUSION

For the foregoing reasons

1. The amended complaint's federal claims against defendants P. Zabita and the Byram Township Police Department are dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.

2. As to the state law claims against defendants Zabita and the Byram Township Police Department, the Court declines to exercise supplemental jurisdiction.

3. As to defendant C. Zweigle, the racial profiling claim and the defamation claim are dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A.

4. As to defendant C. Zweigle, the claims of illegal search and seizure and false imprisonment will be permitted to proceed.

5. Defendant C. Zweigle's motion for judgment on the pleadings (ECF 24) is GRANTED to the extent that the Section 1983 claim for punitive damages is dismissed with prejudice against defendant C. Zweigle in his official capacity only. The motion is otherwise DENIED.

6. The motion to dismiss the amended complaint filed by defendants Zabita and the Byram Township Police Department (ECF 18) is DENIED as MOOT.

7. Mr. Rivera's request for the appointment of counsel (ECF 25) is denied without prejudice.

An appropriate order accompanies this Opinion.

DATED: December 9, 2014

_____
KEVIN MCNULTY
United States District Judge